Good morning, and may it please the court Martin Stanley for the appellants in this case or the appellant in this case um I Want to talk with the court about the camp page And camp page is where our clients got bit by a rattlesnake And the history of camp page is a little bit important with regards to the facts in this case And we put forth a complaint that was a lot of pages credit So my question to you is is about whether you are Making only a claim for the failure to prevent Train etc or whether you're still making or attempting in this third amendment complaint to make a claim of failure to treat as being deliberately indifferent and As you answer that if you would point to anything specifically in the third amendment complaint that tells me Exactly what the failure to treat might have been here. Well, I think subsequent to the issues That were raised here in subsequent to reading the deposition testimony and seeing what happened I don't know that failure to treat is the best claim in this case I'm not asking you about what you think is the best is it in the case at all in your view? Or not and if it isn't that's fine if it is Tell me where it is in the third amendment complaint. Let me take a look here if I may I Don't see it on my cursory reading of the complaint. Okay, so you're here on the failure to prevent train, etc Correct and the incidents by the officers themselves and what they did or what they did not do what they knew and what they did Not know. Okay, so you have to demonstrate Deliberateness rather than Not very Carefulness and negligence whatever so we have here is a pattern in practice going back to when camp page first opened your honor Relating to this camp as opposed to other camps in this county system in dealing with juveniles For example the camp in Malibu and other camps have walls Surrounding the camp that are not chain-link fences Because these camps are aware that there are tarantulas snakes and other dangerous animals running around juveniles Well, your honor I know says that but on page 26 Well, he got bitten by a snake so let's All right, but I think it's important the tarantula issue because tarantula issue can cause fear and it even on page 20 on page 26 Basically the question is this kid was bitten by a snake correct. The question is is is there somebody and who is it? Who both knew about the likelihood of a snake and had something to do with him being there? and Deliberately Either didn't warn him or didn't do something about it. Once you knew there was a snake there. Okay, was that person? So here's the this is a couple of people on the day before this snake bite on June 27 I want to start here. Just give me two names. Okay, it is Jit well, it's Gerald Espinosa. I can cite to the record I'm Mike blue and Samuel Rodriguez, I believe those are the three people Rodriguez was was the shopkeep was the Landskeeper the maintenance person. He wasn't even there that day, right? But he was there the day before and he just simply left. Okay, he didn't say follow up or do anything Was he supposed to do he was supposed to tell the other people? Oh, by the way, I'm leaving for the weekend I look for the snake for an hour. I didn't see it. I'm just gonna I'm just There was a snake and they knew that it wasn't found and they knew he was on Leave because he wasn't working at all of which sounds like negligence Well, but this knowledge makes it knowledge instead of negligence negligence. It should have You know, they back off they only strike you When they rattle Their rattles They're warning you They're not aggressive Creatures well respectfully your honor that's not necessarily in the record, but this is a baby rattlesnake And It's in a particular area that it was found sighted in a particular area They all left and the next day they placed and ordered him to sit our client to sit in right in that same area That's the problem. It wasn't Rodriguez. It wasn't Rodriguez that ordered him to sit more over a day later Why would you even assume that the snake wouldn't have moved to somewhere else? Well, they never looked they just decided not to do anything that's negligence Well, no, because it's a conscious decision negligence is where you make an unconscious decision They had decided to look that was something they could have done about it I mean rattlesnakes don't sit around waiting to be found. I agree with that But at the same time this is a relatively small area and there's no evidence that it went away Or that they believed it went away or that they knew that it went to look for it for an hour Rodriguez look for it for an hour and he couldn't find it That's correct. Which sounds a lot like he tried he wasn't deliberately indifferent. He tried and failed To do what you would have wanted him to do. Well, that's right It seems to me that if you have a case, it's about Espinosa. So let's talk about Espinosa. All right Well Espinosa He is the one that was never trained. Of course He is the one that knew about the tarantulas and the snakes running around the camp He would run away from them The policy is matter of fact is evidenced by all of these folks was never followed. They never did follow up They had a policy to find the snake and kill the snake and instead what they would do is run from the snakes or not Tell about the snakes or do other things and if you look at this this deposition testimony by Espinosa Which we're fortunate enough to have because we had a concurrent state case going we cited several pages of the deposition testimony in our particular complaint at 25 26 and I think 27 among other things he says Just back up a minute the relevance of him not being trained Might be something else, but it doesn't make him more deliberately indifferent makes him less deliberately indifferent Well, it applies to the county and what they do Correct, okay, so it doesn't make him more deliberately indifferent so the real question I mean to me the Slight ambiguity in the record here is when he says he said he heard somebody say there was a snake And he at one point. He's at some points. He seems to say or at least the plaintiff says he just sat there, but but Espinosa says he he went to look and Then said did you see the snake and he says I don't recall seeing the snake so I Does that mean? I mean it doesn't seem logical that if somebody went and looked for a snake They wouldn't remember whether they saw the snake or didn't see the snake So it probably means I didn't see the snake, but is that enough to give you a jury question well I think it is and also he said if I if I'm if I'm correct And it's alleged in the complaint that he did nothing he took it as a joke And he remained inside that's what your client said, but it's not what he said He said he And again, you're probably in better shape with what he said what he said was he went and he looked But he didn't recall if he saw the snake I don't I don't recall seeing the snake as I think what he said Which sounds like a strange way to say I didn't I didn't see it Yeah, or it could be I don't remember if I saw this Yes, well He did say this was about ten minutes before the actual snake bite And I think that the issue is there then why didn't you move the kids out of an abundance of caution? Why would you just let them sit there and be ordered to their order to sit all the way to again at least to me? It sounds like negligence. There was something better that could have been done and it was imperfect judgment particularly in hindsight, but deliberate indifference requires something more Well Respectfully Ron. I think that that would be a jury issue in and of itself by way by the When you talk about intent you can't necessarily just look at the words You have to see the context and the testimony and how it is It's really I think respectfully up to a jury to decide whether Certain conduct when you know something is happening or believe something is happening like I've heard that there's a snake there They might be negligent. That's true but I think again it's up to the jury to make that kind of a Determination not for a court in a 12b6 motion to make that kind of a determination as a matter of law because in every case That could be the same thing. Well, I shot him, but I shot him accidentally and so Just because someone says that that doesn't make it So it still is up to the jury to determine that Issue as to whether the shooting was accidentally or intentionally if it's an excessive force cases They could say well, I shot him by mistake when he raised his arm Does that automatically on a 12b6 motion make it negligence because they said that no that respectfully that makes it a jury issue on that determination Know about the snake the day before I Believe he did. He says he didn't recall that when he was asked whether he I Believe it's in your thing. We're only dealing with your complaint. I understand late says oh Yeah, you're right. He says don't recall page 25. He says he doesn't remember whether he heard about it previously. He doesn't Then he says I don't remember anybody mentioning Right. Okay, but he had seen other snakes That in the past passed correct, but not the previous correct And then there but then there's an issue as to whether or not the camp I want a month month previously Then there's an issue about whether the camp acted appropriately and the other personnel by failing to Advise the people that were coming in the next day of this it hadn't been there the day before about the sighting the previous day Because it's still fresh. There was no discovery of the snake. The policy was Supposedly we look until we find the snake and cut off its head. They never followed that policy Instead they would take the snakes and put them out or they would just as happened here Just ignore the policy and go home for the weekend not advise anybody to follow up Someone has the record show about how this injured your client pardon What was the injury to your client the injury was a stroke? He got bit in his finger and he suffered a stroke after that. He was very young boy 16 years old Did you want to save some rebuttal time pardon I was just wondering if you wanted to save some rebuttal time I do if your honors don't have any more questions Yes You Come on in your honors team agenda tempo for respondents Kind of an administrative matter the record gets a little unclear as to which respondents were actually here on appeal for Out of abundance of caution my brief was filed on behalf of all 13 individuals in the county I wanted it clear for the record that the Appellant had dismissed four of the named respondents Prior to the ruling which is under appeal those respondents being Perry hard to reach Marino and say ins and I believe the record is clear that we should that The then plaintiff acknowledged that that those parties should be dismissed with prejudice at that stage and I bring it up like I said for clarification since the Brief and the notice of appeal does not make clear which parties were here for and I'm assuming that that will remain undisputed As to the in the remaining individual I Can refer you also to the page of the record Okay, I will do that your honor, thank you As to the remaining individual defendants by my count that would leave nine Your honors have correctly focused on the one that comes closest to any involvement with the plaintiff I think I think it's clear from the briefing also that he's really only discussing three of them at most So for that reason, I feel that he has not raised sufficient issues at all with regard to the other seven Mr. Espinoza In answer to some of the questions that you presented to Appellants Council I Did not know about the specific sighting on where it was It's not pled that he did if you look at the pleadings on the page 10 of the third amended complaint Which appears at page 24 of the record? laying out the allegations with Espinoza It doesn't actually say that he knew the specific location of the snake incident. It says only generally that he knew there was a snake Well counsel It's pretty drastic to When when there could be evidence that would support the main theory And at least I guess I have the same Tentative thought that judge Burzon expressed which is that the the pleading is the most precise about? Mr. Espinoza He talks about how he knows how children are fascinated by snakes and he's aware of that and he's seen a snake a month before And so on and so forth and it at least at the pleading stage. Why isn't there enough? to permit an inference of deliberate indifference on his part Because of the high standard that's required to make out a deliberate indifference claim It's much like making a punitive damages claim in a lie to be specific He had some vague knowledge that there had been a snake the night before day before yes A kid says watch out for the snake. He hears it He knows that there's a boy who has been told to sit in one place and is There where the snake is and he looks for the snake and he says something like I looked at it more closely a moment ago He doesn't he didn't get up and look for the snake He turned around and looked to see if there was a snake and then he says and I don't recall seeing a snake which is a very odd thing to say Because he didn't say no I didn't see the snake he says I don't recall seeing a snake Which it seems to mean well, maybe he did see a snake. I Don't think it's proper to plead or to draw that inference when it's not specific And then there's the question of whether sitting there Rather than getting up and going to look and actually and telling the kid to move or saying where'd you see the snake? Investigating in any way is deliberate indifference. It is pleaded that he thought it was a joke That's pleaded and it may not be true, but that we're only looking at the pleadings here. I Understand it's pleaded that he looked for it that he thought it was a joke But he looked for it and what's unique about this case Sitting where he was not going outside not Not making any actual effort to investigate but glancing over Which is certainly consistent with him saying I don't recall He glanced over to see if he saw a snake I'm not certain that that's all that the record says because in this situation record doesn't say anything. It's pleadings we're looking at the pleadings and if you take everything on pages 9 through 11 of the complaint I Have difficulty seeing why it wouldn't at least be Permissible under that complaint to infer That mr. Espinoza Was deliberately indifferent to the danger See, I don't think simply looking away When there's no actual sighting of a snake amounts to deliberate. It wasn't saying the guy said watch out for the snake He Didn't say I see a snake the plaintiff didn't He didn't see us watch out for the non-existent snake. What does that mean? This isn't a situation where anybody said there's a snake right there You have to look at the situation and the reason I'm going for a hike down Down a trail and somebody says to me watch out for the snake That I would certainly take that to mean somewhere near you There's a snake that you should worry about and you look and if you don't see a snake, what are you supposed to do then? The question is was he reason First of all, I didn't say I didn't look at the snake And second of all, he didn't say that he made any effort to go look for the snake He does though in his deposition which is attached as an exhibit to the complaint And you have I want to ask you that by the way my my Assumption is that the deposition is regarded as part of the complaint. Do you agree with that? Yes, absolutely And and that's part of the problem for plaintiff here he has in a sense over pleaded it because we've got a far more Precise description of what these parties knew and didn't know and him simply assuming what they knew is not Sufficient when you've got the additional facts attached to the complaint you have to look at those exhibits and give them those more credence But the bottom line is as to all these people he is drawing a new or should have known Argument with regard to what they knew and even if they generally knew that there was a snake Nobody knew that it was in that specific Excuse me that it was in that specific location because the fact was it was it it's what he said He said I didn't know if the minor was joking or being serious And perhaps Jonathan didn't know either. So what did you do? I turned around to look and see if the snake was really there He was a basically he was in but he didn't leave the office I Turned around to look and I don't recall seeing a snake. That's what he said Well, he opened the door to look at it's not like he's sitting there as plaintiff Already open the door not for that reason, but he'd open the door and he turned around to look but he didn't go and check out If there was a snake there, but it asked the kid who said he saw the snake where'd you see the snake? He doesn't say he did that. But again, how does that get to this deliberate intentional knowing kind of cause of action? He's trying to make here as your honor has suggested if there's a duty there might be a negligence claim And that's the issue we're litigating still in the state court. They won't but describe the snake As of that point or since do we know now I Don't think there's a dispute that it was a rattlesnake. What do you think one can make out of these don't recall questions? You know that Excuse me I don't personally know I'm taking the pleading as it is, but I think there's That's undisputed in the record outside of the complaint And he the baby rat rattlesnakes have rattles I believe they do I Mean that there's a number of issues that would come up You know what the kid might have been doing, you know what the kids should have done could he have protected himself that kind of thing What are the elements of deliberate indifference? He has to know there's a danger I saw he knows there's a danger if there's a rat You know, there are rattlesnakes and he knows there's a danger if there's a rattlesnake He has to know there's a danger of a serious injury It has to be more serious than just this this rattlesnake bites are serious Potentially if it's imminent and right there, but you have to knowingly know there's something you should be doing that you're not doing You have to deliberately intend that I don't care if the kid I remember that I'm saying to John Jonathan or Herrera. Hey, man, there's a snake over there where you're sitting That certainly suggests that there was a snake over there where he was sitting so the officer looks and doesn't see one He doesn't say I didn't see one and then he says At that time, did you ask any further questions of the boy that had mentioned? Hey, man, I see a snake He says I don't recall. Why don't we take that to me? Then he says do you mean that you didn't do you don't remember? I don't remember one way or another Did you tell Jonathan Herrera? Hey go sit over there or move away or do anything? I don't recall So do we take that? to mean Could a jury hearing that say he must have seen them and he must not have done anything Or he would remember if he did something and he remember if he saw us And and that we don't know if he saw the snake to make this claim Plaintiff has to plead that he did and he doesn't plead they did what? Plead that he saw it and really Yeah, well, wait a minute. Are you do you mean to tell you excuse me? Excuse me. It seems to me that part of his claim is If he knew that there was a snake over there where the boy was sitting one option was to tell the boy Carefully leave where you are because there's a snake by you It doesn't mean that he even has to see it or know if it's true I think that's as I read the complaint That's part of his theory that he doesn't have to go out personally and find it and kill it. That's not the claim There were other things that could have been done potentially right if Mr. Espinoza had Taken the time and trouble to do it. That's his theory now Maybe he won't prove it, but that's the complaints theory But is that a question of reasonableness on a negligence type cause of action if you find a duty etc Or is that a question of deliberate? It depends on what his state of mind was. Hey, man There's a snake over there. We are sitting and he said he didn't know if the minor was joking or being serious But he also doesn't know he didn't that he asked him No, I had to was ask him did you know where to see the snake? Yeah, that doesn't make for a deliberate indifference. He also says that he disciplined a kid that was Getting disciplined there. He was interacting with those children and he didn't ask him. Where'd you see the snake? What kind of a snake was it? But again, does that go to Deliberate indifference it could that's the question. Why not? Because it doesn't show a known danger it shows a maybe it shows that you maybe you should investigate More it's your counsel has tried in his briefs and all the other briefing to compare this to a snake Big it's not a point of the actual saw the snake. He had no obligation Is that your argument even though he heard somebody say there's a snake over there where you're sitting? The fact that he didn't see it himself. That means he can't be deliberately indifferent I'm saying that the fact that he looked at all eliminates the possibility of a deliberate indifference claim as to that because that's Sufficient as a matter of law to glance over it and see if you see it yourself. That's sufficient as a matter of law That's what you're saying. Otherwise because this is a pleading stage. I Think it keeps it out of the deliberate indifference as a matter of law early Yes, because it requires a knowing intentional Purpose Well, I certainly don't mean to do that your honor We're an outside firm for them that what's the name of the firm reach Carlson Leach Carlson My I Seems to me without these facts, you'd be right. The question is whether with these facts a jury Could not find deliberate indifference See, I think the problem is when you when you look at the specific knowledge He it's pled that he had it's not pled that he knew that a snake was seen right there It's it's only pled that he knows this generally It's not even said that the snake incident the day before occurred right there It's it's pled when you piece it all together that it actually occurred 10 to 20 feet away So no one has specific knowledge that this location is Absolutely all the more reason why maybe it was reasonable they couldn't catch it Anyway, the point is nobody knows that the specific place where you place this kid is dangerous and you're right Somebody says hey man There's a snake over there where you're sitting and when you're dealing with this kids in a row joking around and being disciplined for other Reasons you're back to the jury argument. I'm afraid By the dormant administration building, yes I I'm not sure. I know that fact for certain. I have to speculate I'm not sure. I know that either. I do know that he was bit on his hand. So from things outside of the complaint You know, no, it's in the complaint Was close to the ground well close enough to get that No, no whether he had to reach for the snake to get bed or poke at it or something obviously isn't part of this record Thank you so Like I said with regard to Espinoza because he doesn't know the specifics of what was going on It has to boil down to a question of reasonableness of his behavior and reasonableness isn't really the standard for deliberate indifference here It's you got to have have a substantial knowing risk of an evasion of this You know this constitutional right and you're really not identifying one here where you know Okay, maybe we didn't look early enough for a snake Studies I'm not in any great detail. Your honor. I have one last question for snake apart from a rattlesnake I expect you would know better than I your honor At this point you're not contesting the injury or the connection to the snake bite or anything like that. Uh He was bit by a snake whether it caused a stroke and some of the ramifications obviously as an issue for another day and So I have a sort of technical summary traffic question which is It's the fact that If I were a jury hearing this testimony, just the way it was given. I would probably say this man is lying Because nobody could say or I might say that I would say I just don't believe that somebody could look to see if there's a snake and doesn't know whether he saw it And he also doesn't know Whether he asked the boy who he was interacting with and disciplining. He doesn't remember whether he asked him. Did you see the snake? And he doesn't remember whether he told Jonathan to move away or not I just don't believe he couldn't remember all those things. And so I basically don't believe him now Is that relevant on summary judgment a credibility issue? Sorry judgment, yes, not not making the credibility. Yeah, but the fact not making the credibility judgment, but the fact that the the Matter in which the questions are asked and answered could lead somebody to disbelieve this man generally It's supposed to be based on the tribal issue of fact and I'm just happy It is his credibility a tribal issue of fact the fact that he answers things in a way that a jury could Disbelieve him and believe for example that he did see the snake Right in a summary judgment context that those would all be factors The problem is the limitations of what plaintiff is pleading here He's not pleading that anyone except the kid that might have been joking saw a snake plaintiff isn't even We just agreed before that the deposition is part of the pleading. Yes, it is but the problem is That this deposition doesn't say he saw the snake the Complaint doesn't say he saw the snake and plain if nowhere says he saw this I'm asking you the question if somebody reading this could could say to themselves He must have seen that snake Because the way he's answering these questions doesn't make any sense that assumes the snake was there but plaintiff doesn't even say that Sorry, I mean plaintiff doesn't even say the snake was there When he was looking or when the kid was joking all we know is that the plaintiff pleads that ten minutes later with this Snake that could move quick. Excuse me move quite a distance in ten minutes if he chose to Was there that's all we know for sure when he got bit the snake was there We don't know that the snake was there any moment before that certainly not ten minutes before Nobody says they saw the snake at ten minutes before when Espinoza looked think of all the trouble that Snake is called caused Humankind Yeah, so your time's up. Oh, I'm sorry you're four and a half minutes over Did you want me to address anything with regard to the county specifically because the issues are somewhat different there? I? Well, I don't have any questions. I think we read your briefs Okay, thank you Now tell me what the stairs Stairs were very low It's my understanding and I think it was so he was sitting basically on one step and on the ground his hands were hanging down The snake was somewhat in in that area, and he got bit while he was right there on the ground I Believe it was wood But I'm not a hundred percent certain because it was attested to in one of the depositions that I didn't have here You didn't take a picture. I didn't have a chance to go out there yet because we're at the pleading stage so afraid of the tarantulas No But I would go out there, and I was going to make the request, but because it's the pleading stage I never got a chance to even invest I would think that one of the first things you'd want to do is to go out look at those stairs apps app you know How long has it been since this? Occurred absolutely I would want to go out there, but it's inside a camp. I'm not allowed in without it Oh, you could you could get in what do you mean? They're not love without a demand for inspection, and I didn't have a chance because we got kicked out of your visitor I don't think that you're allowed to free flow in those although. I've spoken it, but one or two There's still a state court case going on correct And may I bring up a trust just a couple of issues that the court inquired about with respect to counsel Okay, I want to I think the deposition testimony is extremely important your honor correctly pointed out Which what I what I thought that there was an issue about whether it was a joke or not I think if you go further on in that deposition testimony that your honor was citing from and it says No But only because it's important, I think what we have to also know is The minor was parked there, and he was not allowed to leave and that's what espinosa said So this is the hear no evil see no evil speak No evil kind of case does that automatically make it negligence, and that's the issue for your honors to decide Right, but does it automatically make it not a deliberate indifference case and that's the issue Can you just say wow someone's gonna shoot someone right there or? For example in some of the jail cases where there is a lesser standard because we don't have minors there are people being 40 seconds May I finish just saying if people are gonna be just say, thank you and sit down. Thank you All right, we're gonna take a recess Yeah
judges: Pregerson, Graber, Berzon